UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENDRICK DE'SHAWN FLOYD,

                Plaintiff,

-against-

HONORABLE JUDGE MARK J. NELSON,

                Defendant.

20-CV-10401 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action, invoking the Court's federal question jurisdiction. He alleges that Defendant violated his rights in the Jersey City Municipal Court. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

    Plaintiff asserts claims in connection with his criminal proceedings in the Jersey City Municipal Court in New Jersey. Plaintiff alleges that the events or omissions giving rise to his claim arose in New Jersey, outside this district. He also provides an address in New Jersey for the only Defendant in this action. It therefore appears that venue is not proper in this Court under § 1391(b).

Plaintiff's claims arose in Jersey City, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the United States District Court for the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 21, 2020
         New York, New York

                                                  _____
                                                           COLLEEN McMAHON
                                                    Chief United States District Judge